IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DARLENE RUTH SMITH                                                                       PLAINTIFF

vs.                                         Civil No. 3:10-cv-03036

MICHAEL J. ASTRUE                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Darlene Ruth Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed disability applications on September 20, 2007.[2]  (Tr. 75, 148-153).  In her applications, Plaintiff alleged she was disabled due to residuals of a head injury from 2002, headaches, nerve and mental problems, bipolar disorder, migraine headaches, suicidal thoughts, panic

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

[2] It appears Plaintiff also filed prior disability applications on March 22, 2005, January 31, 2006, and February 8, 2007.  (Tr. 118-147).  The ALJ did not address these applications in his opinion, and it does not appear these applications are currently before this Court.  (Tr. 75).

1

attacks, and memory problems. (Tr. 185). Plaintiff originally alleged an onset date of January 15, 2003. (Tr. 148, 151). At the administrative hearing on September 17, 2008, Plaintiff amended her alleged onset date to May 31, 2006. (Tr. 19). These applications were denied initially, and it appears they were also denied upon reconsideration.[3] (Tr. 69-70).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 86-95). An administrative hearing was held on September 17, 2008 in Harrison, Arkansas. (Tr. 10-68). Plaintiff was present and was represented by counsel, Donald Bishop, at this hearing. *Id.* Plaintiff, Vocational Expert ("VE") David O'Neal, and a witness for Plaintiff testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her GED. (Tr. 17).

On March 2, 2009, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 75-85). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2008. (Tr. 77, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of May 31, 2006. (Tr. 78, Finding 2). The ALJ determined Plaintiff had the following severe impairments:

> When abusing alcohol and drugs[4], the claimant has alcohol and drug-induced depressive disorder with underlying anxiety. When she is not abusing alcohol and drugs, she nevertheless has a depressive disorder with underlying anxiety. (20 CFR 404.1520(c) and 416.920(c)). This impairment is severe because it significantly limits the claimant's ability to perform basic work activities.

---

[3] It appears the forms denying Plaintiff's applications upon reconsideration were not included in the record. However, the Parties do not dispute that Plaintiff's applications were also denied upon reconsideration. ECF Nos. 8-9.

[4] The ALJ found Plaintiff suffered from a substance abuse disorder due to her use of alcohol and prescription drugs or benzodiazepines, including Xanax. (Tr. 79).

(Tr. 78, Finding 3). The ALJ also determined if Plaintiff stopped the substance abuse, her mood disorder would cause more than a minimal impact on her ability to perform basic work activities and was, therefore, a severe impairment. (Tr. 81, Finding 5).

The ALJ then determined Plaintiff's impairments, including her substance use disorders, met sections 12.04 and 12.09 of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings") when she was abusing alcohol and drugs. (Tr, 78-80, Finding 4). The ALJ also determined that if Plaintiff stopped her substance abuse, she would not have an impairment or combination of impairments that met or medically equaled any of the impairments in the Listings. (Tr. 81-82, Finding 6).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 82-84, Finding 7). The ALJ based this RFC determination on the assumption that Plaintiff had stopped her substance abuse. *Id.* First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon her review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> If the claimant stopped the substance abuse, the claimant would have the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant must work where instructions are simple and non-complex; interpersonal contact with co-workers and the public is superficial and incidental to the work performed; complexity of tasks is learned and performed by rote; the work is routine and repetitive; there are few variables; little judgment is required; and the supervision required is concrete, direct and specific.

(Tr. 82-84, Finding 7).

The ALJ evaluated Plaintiff's PRW ("PRW"), and the VE testified at the administrative hearing regarding this issue. (Tr. 20; 84, Finding 8). Based upon that testimony, the ALJ determined

Plaintiff's PRW included work as a production laborer. (Tr. 84). The VE also testified that, considering her RFC, Plaintiff would be able to perform this PRW. (Tr. 59). In accordance with that testimony, the ALJ determined that because Plaintiff would not be disabled if she stopped substance use, her substance abuse disorder was a contributing factor material to the determination of disability. (Tr. 85, Finding 9). The ALJ then determined Plaintiff had not been disabled within the meaning of the Act at any time from her alleged onset date of May 31, 2006 through the date of her decision or through March 2, 2009. (Tr. 85, Finding 9).

Thereafter, on April 24, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 114-117). *See* 20 C.F.R. § 404.968. On April 8, 2010, the Appeals Council declined to review the ALJ's unfavorable disability determination. (Tr. 1-3). On May 5, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 21, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff raised the following two points for appeal: (A) the SSA erred by failing to consider the additional evidence presented to the Appeals Council and (B) the ALJ erred by finding her substance abuse was a contributing factor material to the determination of disability. ECF No. 8 at 2-16. In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence in the record, and Plaintiff's claims offer no basis for reversal. This Court will address both Plaintiff's arguments for reversal.

    **A.**    **Evidence Presented to Appeals Council**

Plaintiff claims the Appeals Council erred by failing to properly consider evidence submitted after the ALJ's disability determination. ECF No. 8 at 3-4. In her appeal brief, Plaintiff references two sets of medical records which were submitted to the Appeals Council. *Id.* Plaintiff claims both set of records–one from North Arkansas Regional Medical Center (Tr. 662-731) and one from Marshall Family Practice Clinic (Tr. 733-741)–establish she was disabled. *Id.* Specifically, Plaintiff argues, "[t]hese additional records document continuing disability with no substance abuse." *Id.* Plaintiff, however, does not reference any specific medical records that establish this alleged disability. *Id.*

Upon review of these medical records, this Court finds these records offer no basis for reversal. As an initial matter, this Court has no jurisdiction to review the decision of the Appeals Council because it is non-final agency decision. *See Mackey v. Shalala,* 47 F.3d 951, 953 (8th Cir.

6

1995). Instead, this Court may only determine whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. *See id.* These additional records do not, however, establish Plaintiff was disabled if she were to stop abusing prescription medication.

Indeed, many of these medical records indicate Plaintiff was still abusing prescription medication while receiving treatment from both North Arkansas Regional Medical Center and Marshall Family Practice Clinic. For example, on December 18, 2008, Plaintiff was admitted to the emergency room at the North Arkansas Regional Medical Center for a suicide attempt. (Tr. 679-699). These records reflect that Plaintiff intentionally ingested seven Xanax as a part of a suicide attempt. *Id.* Such an ingestion indicates Plaintiff suffered from a substance abuse problem. A physician at Marshall Family Clinic also expressed concern over Plaintiff's use of Xanax. (Tr. 738). Based upon these records and because Plaintiff has provided no reference to any medical records demonstrating she did not have a substance abuse problem during this time period, this Court find no basis for reversal based upon these medical records.

### B. Substance Abuse as a Contributing Factor

Plaintiff claims the ALJ improperly determined her substance abuse was a contributing factor material to the disability determination. ECF No. 8 at 4-15. In support of her claim, Plaintiff then summarized her medical records. *Id.* Upon review, however, these medical records as whole *support* the ALJ's determination that Plaintiff's substance abuse was a contributing factor to the ALJ's disability determination.

Plaintiff alleged she was disabled as of May 31, 2006. (Tr. 19). After that time, on October 1, 2006, Plaintiff was seen at CoxHeath and complained of dental pain. (Tr. 309-311). She was

prescribed Percocet. (Tr. 309-311). As a part of her treatment, she was advised that was the "last time" Cox would refill her pain medication. *Id.* On November 27, 2006, Plaintiff was receiving treatment from Ozark Counseling Services and was found to have a "significant history of substance abuse." (Tr. 251).

On May 10, 2007, Plaintiff was still receiving treatment from Ozark Counseling Services and was counseled regarding her medication usage. (Tr. 261). Specifically, she was "cautioned not to ↑[increase] Xanax. *Id.* On August 2, 2007, Plaintiff's Xanax was discontinued because of "drug abuse/frequent early refills." (Tr. 264). During that appointment, Plaintiff also refused treatment for substance abuse and stated that she would "find another doctor to give me Xanax." (Tr. 265). On September 20, 2007, Plaintiff was discharged from treatment with Ozark Counseling Services. (Tr. 269). In the discharge summary, Plaintiff reportedly had an "over usage of Benzo's [Xanax]" and "attempts to phone in her own RX's to Drug Stores." *Id.* Further, as noted above, on December 18, 2008, Plaintiff used Xanax as a part of her suicide attempt. (Tr. 678-699). Taken as a whole, these records provide substantial support for the ALJ's determination that Plaintiff's substance abuse was a contributing factor material to the determination of disability.

Based upon Plaintiff's briefing, it appears Plaintiff also disputes the ALJ's RFC finding, which was made assuming Plaintiff had no substance abuse problem. ECF No. 8 at 14. Plaintiff claims there is no evidence supporting that determination: "there is no evidence from a medical professional supporting the Commissioner's determination of Darlene's [Plaintiff's] residual functional capacity when substance abuse is removed from consideration." *Id.* Apart from this bare claim, Plaintiff provides no further briefing on this issue. *Id.* However, based upon a review of the ALJ's decision, the ALJ relied upon Plaintiff's treating sources as well as her non-treating sources in assessing her RFC. (Tr. 82-83). Indeed, the ALJ considered the medical records from Ozark

Counseling Services which are outlined above. (Tr. 83). Accordingly, this Court finds this claim is also not a basis for reversal.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of June, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE